**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge ROCA–SUAREZ, a.k.a. George
Roca, a.k.a. Jorge Roca,
Defendant–Appellant.**

**No. 13–50393.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2014.*

Filed May 22, 2014.

Jean–Claude Andre, Assistant U.S., Christopher Khoo Pelham, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jorge Roca–Suarez, Taft, CA, pro se.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

**MEMORANDUM** **

Jorge Roca–Suarez appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Roca–Suarez contends that he is entitled to a sentence reduction under Amendment 591 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir.2009). Contrary to Roca–Suarez's contention, Amendment 591 did not alter the Guidelines section applicable to his offense of conviction or the calculation of his Guidelines range under U.S.S.G. § 2D1.1. *See* U.S.S.G. app. C, amend. 591 (Supp.2003); *see also United States v. McEnry,* 659 F.3d 893, 898–99 (9th Cir.2011) (discussing changes made by Amendment 591). Because Amendment 591 did not lower Roca–Suarez's Guidelines range, the district court lacked authority to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2); *Leniear,* 574 F.3d at 674.

Roca–Suarez also contends that the district court erred by failing to explain the reasons for its denial of his motion. Because the court had no authority to modify Roca–Suarez's sentence, however, its summary denial was not improper.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.